IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1997 SESSION

| | | |
|---|---|---|
| LEWIS MOORLET, | ) | |
| | ) | |
| Appellant, | ) | No. 02C01-9605-CR-00175 |
| | ) | |
| | ) | Shelby County |
| v. | ) | |
| | ) | Honorable James C. Beasley, Jr., Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Lewis Moorlet, Pro Se
Cold Creek Correctional Facility
P.O. Box 10000
Henning, TN 38041-1000

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
        and
M. Allison Thompson
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

John W. Pierotti, Jr.
District Attorney General
        and
Janet Shipman
Assistant District Attorney General
201 Poplar Avenue
Memphis, TN 38103-1947

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

# O P I N I O N

The petitioner, Lewis Moorlet, appeals as of right from the Shelby County Criminal Court's dismissal of his second petition for post-conviction relief relative to his 1988 conviction for first degree murder and resulting life sentence. The petitioner contends that the trial court erred in dismissing the petition without providing him counsel, the opportunity to amend the petition, and an evidentiary hearing upon his petition. We disagree.

The petitioner's conviction was affirmed on appeal. State v. James Morning Craft, Jr., and Lewis Moorlet, No. 31, Shelby County (Tenn. Crim. App. Mar. 8, 1989), app. denied (Tenn. Aug. 7, 1989). The petitioner filed a petition for post-conviction relief that was denied after an evidentiary hearing. The denial was affirmed on appeal. Lewis Moorlet v. State, No. 02C01-9405-CR-00090 (Tenn. Crim. App. Nov. 30, 1994).

In this case, the petitioner filed his second petition for post-conviction relief on April 18, 1996. The trial court found that the petitioner had previously filed and litigated a post-conviction case. It concluded that pursuant to T.C.A. § 40-30-202(c), the fact that the petitioner had a previous post-conviction case resolved on the merits barred the petitioner from filing a second one. The petition was dismissed.

The petition filed in this case complains about the petitioner's prior post-conviction attorney not being aware of certain constitutional violations and not appealing the first post-conviction case.[1] The constitutional violation alleged is that the petitioner's indictment was invalid in that the first degree murder statute was void because the bill enacting it embraced more than one subject not covered in the title of

---

[1] This allegation indicates that the petitioner may have been unaware of the appeal of his first post-conviction case to this court as previously noted.

2

the bill. <u>See</u> Tenn. Const. art. II, § 17. The petitioner also complains about erroneous information sent to the Department of Correction.

Pursuant to the 1995 Post-Conviction Procedures Act, petitioners are limited to only one post-conviction case. T.C.A. § 40-30-202(c). Any further relief must be obtained through a motion to reopen under T.C.A. § 40-30-217. The procedures required for such a motion are strict and the grounds for reopening are quite limited. <u>See</u> <u>id</u>. The petitioner's pleading in the present case meets neither the procedural nor the substantive requirements for such a motion.

In consideration of the foregoing and the record before us, the judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
David G. Hayes, Judge


_____
William M. Barker, Judge